UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
JOSEPH RAGNOLI,                   :
                                  :
          Petitioner,             :    Civ. No. 16-5048 (NLH)
                                  :
     v.                           :    OPINION
                                  :
J. HOLLINGSWORTH,                 :
                                  :
          Respondent.             :
_____:

APPEARANCES:
Joseph Ragnoli
59796-066
Bureau of Federal Prisons
P.O. Box 2000, Joint Base MDL
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

     On or about August 1, 2016, Petitioner Joseph Ragnoli, a

prisoner currently confined at the Federal Correctional

Institution in Fort Dix, New Jersey, filed this writ of habeas

corpus under 28 U.S.C. § 2241, challenging the calculation of

his sentence.  (ECF No. 1.)  For the reasons stated below, the

Petition will be denied.

I.   BACKGROUND

     The Third Circuit provided the following summary of the

procedural history of Petitioner's criminal case:

          On April 29, 2005, law enforcement agents
          searched Ragnoli's home pursuant to a search
          warrant and found over two kilograms of
          methamphetamine.  On August 12, 2005, Ragnoli

pled guilty to one count of possession of methamphetamine with intent to distribute, and one count of conspiracy to distribute methamphetamine. The District Court sentenced him to 84 months' imprisonment and 10 years of supervised release. After serving his term of imprisonment, Ragnoli was released and began serving his term of supervised release on January 26, 2011.

Three months later, the Pennsylvania State Police learned Ragnoli was engaging in multiple methamphetamine transactions via wiretaps that were part of a larger methamphetamine trafficking investigation. Ragnoli was arrested on November 27, 2012. On January 30, 2013, Ragnoli and 27 other individuals were charged with multiple offenses related to the distribution of methamphetamine.

On April 25, 2013, while Ragnoli was in state custody on his pending state charges, he was brought before the District Court pursuant to a writ of habeas corpus ad prosequendum for violating his supervised release. Ragnoli stipulated that he had violated his supervised release and was sentenced to the maximum statutory penalty of 60 months' imprisonment. The Court did not specify if the 60-month term was to run consecutively or concurrently with the sentence that would be imposed in Ragnoli's pending state case, nor did Ragnoli's counsel raise the issue. Ragnoli did not appeal the District Court's judgment. He was immediately returned to state custody, and the federal judgment was filed as a detainer.

On May 30, 2013, Ragnoli pled guilty to two of his pending state charges. He was sentenced to 24 to 48 months' incarceration, which the State Court ordered "to be served concurrent and coterminous to the Federal Sentence he is currently serving." Ragnoli served his state sentence, and was released to federal custody on December 3, 2014.

In a letter dated March 26, 2015, Jose A. Santana, the Bureau of Prisons ("BOP") Regional Inmate Systems Administrator, sent a letter to the District Court regarding Ragnoli. The letter explained that Ragnoli had requested that the BOP run his federal sentence concurrently with his state sentence. The BOP could accomplish this by retroactively designating the state prison as the institution for service of Ragnoli's federal sentence. This retroactive designation would reduce the total amount of time Ragnoli spent in custody, as the State Court had ordered. The letter indicated that it is the BOP's "preference" to obtain the federal sentencing court's position on any such retroactive designations, but that the BOP would make its own decision if it had not heard back from the District Court within 60 days. If the District Court stated its position within 60 days, the BOP would designate Ragnoli's place of imprisonment according to the District Court's position.

On May 7, 2015, the District Court held a conference call with counsel for the government, Ragnoli's counsel, and a probation officer. Ragnoli was not present on the call, and no one objected to his absence. Later that day, the District Court issued a letter that read:

> Joseph Ragnoli's sentence by this Court on April 25, 2013, to a 60-month term of confinement for violation of his supervised release is to run consecutive with his state term of imprisonment. See U.S.S.G. § 7B1.3, comment. Nn. 3, 4.

United States v. Ragnoli, 646 F. App'x 189, 190-91 (3d Cir. 2016). Petitioner thereafter filed an appeal of the district court's "ruling" that the sentences should be consecutive, which

was denied by the Court Appeals for lack of jurisdiction.  Id.

Specifically, the court found that:

> when the District Court wrote the letter, it
> lacked the authority to issue an order
> modifying Ragnoli's sentence. In May 2015,
> approximately two years after the District
> Court had sentenced Ragnoli, only the BOP had
> the authority to credit Ragnoli for his time
> in state custody by retroactively designating
> his state institution for service of his
> federal sentence.
>
> Since the District Court had no authority to
> modify its earlier sentencing order, and the
> BOP had independent authority to decide
> whether to credit Ragnoli for his time in
> state custody, the District Court's letter was
> only a non-binding recommendation to the BOP,
> not an appealable order.

Id. (internal citations and quotation marks omitted).

After challenging the calculation of his sentence
administratively, Petitioner filed the instant habeas petition.
(ECF No. 1.)  He raises the following grounds for relief:

> Ground One: May 30, 2013 Ragnoli was sentenced
> 2-4 years before the Bucks County, PA
> magistrate Wallace H. Bateman, Jr. Docket #
> CP-09-CR-000705-2013.  A court may not
> increase a defendant's sentence outside of his
> presence.  Ragnoli never waived his presence.
> His attorney never objected to his lack of
> presence nor informed Ragnoli that the telecom
> [sic] was taking place. The federal court
> sentencing violated his constitutional right
> to be aware.
>
> Ground Two: Bucks County Pennsylvania's
> magisterial court imposed a 2-4 year state
> sentence, specifically to run concurrent with
> the 60 month federal sentence for parole
> violation.  Judge Sanchez violated the

constitution of the United States when not
considering Ragnoli served his state sentence.

(Pet. ¶ 13.)  Petitioner is requesting "a nunc pro tunc

designation, on the grounds that Ragnoli's sentencing by Judge

Sanchez was prejudiced as presented before and by telecon

[sic]," without Petitioner being present.  (Pet. ¶ 15.)

Respondent filed an Answer, arguing that the Bureau of

Prisons ("BOP") correctly calculated Petitioner's sentence.

(ECF No. 8.)  Petitioner filed a Reply, wherein in he appeared

to make an additional argument: that the state authorities

relinquished primary custody when the judge ordered that

Petitioner's state sentence was to run concurrent to his federal

sentence and that he should be remanded to federal custody

"ASAP."  (ECF No. 10.)  The Court ordered Respondent to address

this additional argument (ECF No. 12), which Respondent did (ECF

No. 13).  Petitioner thereafter filed a sur-reply.  (ECF No.

14.)

**II. DISCUSSION**

**A. Legal Standard**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not

extend to a prisoner unless ... [h]e is in custody in violation

of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  A federal court has subject matter

jurisdiction under § 2241(c)(3) if two requirements are

satisfied: (1) the petitioner is "in custody" and (2) the

custody is "in violation of the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook,

490 U.S. 488, 490 (1989).  This Court has subject matter

jurisdiction under § 2241 to consider the instant Petition

because Petitioner challenges the calculation of his sentence on

federal grounds and he was incarcerated in New Jersey at the

time he filed the Petition.  See Blood v. Bledsoe, 648 F. 3d 203

(3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d

Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241

(3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.

1991).

**B. Analysis**

To compute a sentence, the BOP must make two

determinations: first, "when the sentence commenced" and,

second, "whether the prisoner is entitled to any credits toward

his sentence."  Blood, 648 F.3d at 207.

**1.  Commencement**

"A sentence to a term of imprisonment commences on the date

the defendant is received in custody awaiting transportation to,

or arrives voluntarily to commence service of sentence at, the

official detention facility at which the sentence is to be

served."  18 U.S.C. § 3585(a).  The BOP determined that

Petitioner's federal sentence commenced on December 3, 2014 –

the date the state released him on parole and he entered federal

custody.  (Answer, Martin Decl. ¶ 9 & Attachment 6.)

"Where a defendant faces prosecution by both state and

federal authorities, the 'primary custody' doctrine determines

where and how the defendant will serve any resulting sentence of

incarceration.   The basic principle is that the first sovereign

to arrest the defendant is entitled to have the defendant serve

that sovereign's sentence before one imposed by another

sovereign."  Taccetta v. Fed. Bureau of Prisons, 606 F. App'x

661, 663 (3d Cir. 2015) (citing Bowman v. Wilson, 672 F.2d 1145,

1153 (3d Cir. 1982)).  "'Generally, a sovereign can only

relinquish primary jurisdiction in one of four ways: (1) release

on bail; (2) dismissal of charges; (3) parole; or (4) expiration

of sentence.'"  Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir.

2010) (quoting United States v. Cole, 416 F.3d 894, 897 (8th

Cir. 2005)).

As discussed by the Third Circuit, Pennsylvania state

authorities arrested Petitioner in November 2012 on various drug

charges.  Ragnoli, 646 F. App'x at 190.  Therefore, Pennsylvania

had primary jurisdiction over him.  Taccetta, 606 F. App'x at

663.  Pennsylvania did not relinquish primary jurisdiction over

him until he completed his state sentence.[1]  While he was in

---

[1]Despite Petitioner's argument to the contrary, the state court
judge's order at sentencing that he be remanded to federal

state custody, on April 25, 2013, Petitioner was brought before

the federal court pursuant to a writ of habeas corpus ad

prosequendum to be sentenced for violating his supervised

release.  Id.  However, this temporary transfer of Petitioner to

federal custody for sentencing did not affect primary

jurisdiction.  See Taccetta, 606 F. App'x at 663 (citing Rios v.

Wiley, 201 F.3d 257, 264–75 (3d Cir. 2000)) ("[T]emporary

transfer of a prisoner pursuant to a writ ad prosequendum does

not constitute a relinquishment"); see also George v. Longley,

463 F. App'x 136, 140 (3d Cir. 2012); McKnight v. United States,

27 F. Supp. 3d 575, 583 (D.N.J. 2014).

Therefore, the BOP correctly determined that Petitioner's

sentence began when he completed his state sentence and was

paroled into federal custody on December 3, 2014.

**2. Prior Custody Credit**

Section 3585 states in relevant part:

> A defendant shall be given credit toward the
> service of a term of imprisonment for any time
> he has spent in official detention prior to
> the date the sentence commences—
>
> (1) as a result of the offense for which the
> sentence was imposed; or
>
> (2) as a result of any other charge for which
> the    defendant    was    arrested    after    the

---

custody "ASAP" did not affect primary jurisdiction, as he had
not yet completed his state sentence.  See Davis, 403 F. App'x
at 740; Allen v. Nash, 236 F. App'x 779, 783 (3d Cir. 2007).

> commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

It does not appear that Petitioner is challenging the BOP's determination regarding prior custody credit. To the extent he is challenging their decision not to award him any prior custody credit, that challenge is without merit as all time spent in state custody was credited towards his state sentence. (<u>See</u> Answer, Martin Decl. ¶ 13 & Attachment 5.)

**3. Nunc Pro Tunc Designation**

In order to receive credit towards his federal sentence for time spent in state custody, Petitioner sought nunc pro tunc designation of the state facilities as the place of confinement for his federal sentence. The BOP denied this request after considering it under 18 U.S.C. § 3621(b)[2] and <u>Barden</u>. (Answer,

---

[2] 18 U.S.C.A. § 3621(b) provides that:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility…that the Bureau determines to be appropriate and suitable, considering-

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>       (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

Martin Decl. ¶ 12 & Attachment 9.) This Court reviews that

decision to determine "whether the BOP, in weighing the factors,

acted arbitrarily, capriciously, or contrary to the law ...."

Galloway v. Warden of F.C.I. Ft. Dix, 385 F. App'x 59, 64 (3d

Cir. 2010).

The BOP denied Petitioner's request, relying on

Petitioner's prior criminal and disciplinary history and the

sentencing judge's recommendation against nunc pro tunc

designation. (Answer, Martin Decl. ¶ 12 & Attachment 9.) When

recommending that the federal sentence run consecutive to the

state sentence, the sentencing judge relied on § 7Bl.3(f) of the

Sentencing Guidelines, which states that "[a]ny term of

imprisonment imposed upon the revocation of probation or

supervised release shall be ordered to be served consecutively

to any sentence of imprisonment that the defendant is serving,

whether or not the sentence of imprisonment being served

resulted from the conduct that is the basis of the revocation of

probation or supervised release." (Answer, Martin Decl.,

Attachment 8.)

---

> (B) recommending a type of penal or
> correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the
> Sentencing Commission pursuant to section 994(a)(2) of
> title 28.

Based on the record before the Court, the BOP's decision was not arbitrary, capricious, or contrary to the law. Petitioner's main arguments relate to the fact that the state court judge ordered the two sentences to run concurrently and that the federal judge was without power to "amend" his sentence years later.  With regard to his first argument, it is clear that "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."  Harris v. Zickefoose, 511 F. App'x 135, 137-38 (3d Cir. 2013) (citing Barden, 921 F.2d at 478 n. 4).  Therefore, despite the Pennsylvania state judge's order that the two sentences were to run concurrently, the BOP was under no obligation to do so.

With regard to his second argument, it is also clear that the district court did not inappropriately "amend" his judgment of conviction years after it was entered.  At the time of sentencing, the district court was silent as to whether the federal sentence was to run consecutively or concurrently to the state sentence.  Therefore, as it was required to do when evaluating Petitioner's request for nunc pro tunc designation, the BOP contacted the sentencing judge to obtain his position on said request.  As stated by the Third Circuit, "[s]ince the District Court had no authority to modify its earlier sentencing order, and the BOP had independent authority to decide whether

to credit Ragnoli for his time in state custody, the District Court's letter was only a non-binding recommendation to the BOP…." Ragnoli, 646 F. App'x at 191.  Because the sentencing judge's letter to the BOP was only a recommendation, the court did not impermissibly "amend" his sentence.

Based on the foregoing, the Court finds that the BOP's decision was not arbitrary or capricious or contrary to the law. The BOP properly considered the factors under 18 U.S.C. § 3621(b) and determined that Petitioner was not entitled to nunc pro tunc designation.

**III.  CONCLUSION**

For the reasons set forth above, Petitioner's request for a writ of habeas corpus is denied.  An appropriate Order follows.


Dated: January 5, 2018              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.